So Ordered.

Signed this 11 day of December, 2025.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

ANNA THERESA BALASH,

                  Chapter 13
                  Case No. 25-11042-1-pgr

                Debtor.
_____

APPEARANCES:

| | |
|---|---|
| ANNA THERESA BALASH<br>*Debtor* | ANNA THERESA BALASH |
| DAVID A. GALLO & ASSOCIATES LLP<br>*Attorneys for Federal National*<br>*Mortgage Association ("Fannie Mae")*<br>47 Hillside Avenue, 2nd Floor<br>Manhasset, NY 11030 | ROBYN GOLDSTEIN, ESQ. |
| ANDREA E. CELLI-TRUSTEE<br>*Standing Chapter 13 Trustee*<br>7 Southwoods Boulevard<br>Albany, NY 12211 | BONNIE BAKER, ESQ. |

1

## DECISION AND ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY AND GRANTING RELIEF FROM STAY

1. Anna Theresa Balash. ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (Docket No. 1) on September 11, 2025.

2. This was the Debtor's second filing. Debtor's prior Chapter 13 case (No. 24-10968) was dismissed on February 5, 2025.

3. On October 2, 2025, Federal National Mortgage Association ("Fannie Mae") filed a Motion for Relief from Stay regarding property located at 3051 Main Street, Valatie, NY ("3051 Main"). (Docket No. 17).  Fannie Mae argues that 3051 Main is no longer property of the bankruptcy estate because a Referee's Deed transferred 3051 Main from Debtor to Fannie Mae on August 23, 2023—over two years before this case was filed. *Id.* ¶ 3–4.

4. On November 3, 2025, Debtor filed a Motion to Impose the Automatic Stay (Docket No. 29).

5. Debtor filed opposition to Fannie Mae's motion on November 12, 2025. (Docket No. 40).

6. The Court held a hearing to consider the motions on November 20, 2025. Debtor was unable to appear in person at that hearing due to unforeseen car trouble.  As such, the Court issued a text order permitting Debtor to file any additional papers by December 9, 2025, after which the matter would be deemed submitted. (Docket No. 49).

7. Debtor filed supplemental opposition to Fannie Mae's motion on December 9, 2025. (Docket No. 55). That document also contained additional arguments for why the Motion to Impose Automatic Stay should be granted. *Id.*

8. For the reasons outlined below, the Debtor's Motion to Impose the Automatic Stay is denied and Fannie Mae's Motion for Relief from Stay is granted.

## Motion to Extend Stay

9. Section 362(c)(3)(A) of the Bankruptcy Code states that:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)- -(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

10. Debtor's prior chapter 13 was dismissed on February 5, 2025. This chapter 13 case was filed on September 11, 2025, within 1-year of Debtor's prior case being dismissed. As such, the automatic stay was in effect for only 30 days, pursuant to 11 U.S.C. § 362(c)(3)(A).

11. The stay may be extended beyond the 30-day period "on the motion of a party in interest . . . after notice and a hearing **completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B) (emphasis added); *see also* 3 *Collier on Bankruptcy* P 362.06

3

(stating that a hearing on the motion for a stay extension, if held by the court, must be completed within the 30-day period following the filing of the petition).

12. "Section 362(c)(3)(B) does not provide the Court with any authority to extend the stay after it is terminated under § 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay." *In re Epting*, 652 B.R. 134, 137 (Bankr. D.S.C. 2023); *see also In re Morgan*, No. 25-30792, 2025 WL 1742435, at *1 (Bankr. N.D. Ohio June 23, 2025) ("Based on the plain statutory language of § 362(c)(3)(B), one prerequisite to extending the automatic stay is that a hearing on the motion to extend the stay must be held before the stay terminates at the end of the 30-day period.").

13. As Debtor's bankruptcy petition was filed on September 11, 2025, the 30-day automatic stay expired on October 14, 2025.

14. Debtor argues that she filed this petition in good faith, which may have been sufficient to extend the automatic stay if the motion had been timely filed. However, the Motion to Extend the Automatic Stay was filed after the 30-day period ended so this Court has no statutory authority to extend the automatic stay. Debtor's motion is therefore denied.

15. The Court notes that there exists "a split of authority regarding the scope of the stay termination under § 362(c)(3)(A)." *Morgan*, 2025 WL 1742435, at *3.

16. While this Court has not decided the issue, "the majority of courts interpret the provision to mean that the automatic stay terminates only with respect to

the debtor and the debtor's property, while the automatic stay remains in effect as to property of the estate." *Id.*

17. Other courts have held that the automatic stay ends in its entirety, including against property of the estate. *Id.*; *see also In re Bender*, 562 B.R. 578, 583 (Bankr. E.D.N.Y. 2016) (discussing the majority view that stay remains as to property of the estate and the minority view that stay terminates as to debtor and property of the estate--but taking a different, unique approach and terminating the stay only if the property was the subject of a judicial, administrative, or other formal proceeding commenced prepetition).

18. This Court has not been asked to, and will not, decide the precise scope of the stay, if any, that remains in effect in this case.

## Motion for Relief from Stay

19. In regards to Fannie Mae's Motion for Relief from Stay (Docket No. 17), 3051 Main is not property of the bankruptcy estate. Thus, the automatic stay does not apply to the property.

20. A foreclosure sale was held on August 3, 2023 and a Referee's Deed conveyed 3015 Main to Fannie Mae on August 22, 2023. (Docket No 17, ex. D). The deed was recorded in Columbia County on September 20, 2023. *Id.* As the Referee's Deed transferred 3015 Main to Fannie Mae prior to Debtor filing this case, the Property never became property of this bankruptcy estate. *In re Cook*, 481 B.R. 265, 267 (Bankr. N.D.N.Y. 2012), *aff'd sub nom. Cook v. Huey*, 506 B.R. 174 (N.D.N.Y. 2013) (holding that property sold at a prepetition foreclosure sale

5

does not become property of the estate and is not under the protection of the automatic stay); *see also In re Cerrato*, 504 B.R. 23, 30 (Bankr. E.D.N.Y. 2014) ("[T]he foreclosed property sold at a public sale is no longer property of the estate for purposes of Section 541."); *In re Cretella*, 42 B.R. 526, 530 (Bankr. E.D.N.Y. 1984) ("[U]nder New York law, the purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property. . . . Absent an interest in the property, it cannot be regarded as property of his estate within the meaning of 11 U.S.C. § 541 [which defines property of the estate].").

21. Even if the stay remains in effect as to property of the estate generally, the automatic stay did not and does not apply to 3051 Main because the Property was not property of the estate at the time the case was filed and continues to not be property of the estate.

22. Debtor, in her opposition, argues that Fannie Mae's failure to file a proof of claim is fatal to its motion for relief. (Docket Nos. 40 & 55).

23. However, "[u]nder Rule 3002(a), a secured creditor must file a proof of claim if it wishes to have its claim allowed and thus participate in payments under a chapter 13 plan. But a creditor that does not wish to submit to this court's jurisdiction or to participate in plan payments is not required to file a proof of claim." *In re Weyer*, 612 B.R. 192, 196 (Bankr. W.D. Wis. 2020) (citing *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015)).

6

24. Debtor also argues that Fannie Mae does not have standing to bring this motion, but the Referee's Deed attached as an exhibit to its motion provides proof of standing. *In re Escobar*, 457 B.R. 229, 241 (Bankr. E.D.N.Y. 2011) ("[T]he level of proof necessary to commence a foreclosure action under New York law, as stated in *Silverberg*, is the appropriate level of proof necessary to confer standing to seek stay relief. Thus, in cases such as these, where the movant claims rights as a secured creditor by virtue of an assignment of rights to a promissory note secured by a lien against real property, it must provide satisfactory proof of its status as the owner or holder of the note at issue.").

25. To the extent Debtor challenges the validity of the underlying foreclosure sale, such issues are not properly before this Court on the present motions.

26. "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void." *In re Buckskin Realty Inc.*, No. 1-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016).

For the reasons stated above, Debtor's Motion to Impose the Automatic Stay (Docket No. 29) is **DENIED** and Fannie Mae's Motion for Relief from Stay is **GRANTED**. The Clerk of Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###