So Ordered.

Signed this 6 day of January, 2026.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

ANNA THERESA BALASH,

        Chapter 13
        Case No. 25-11042-1-pgr

                Debtor.
_____

APPEARANCES:

| | |
|---|---|
| ANNA THERESA BALASH<br>*Debtor* | ANNA THERESA BALASH |
| FRIEDMAN VARTOLO LLP<br>*Attorneys for Selene (as defined herein)*<br>325 Franklin Avenue, Suite 160<br>Garden City, NY 11530 | MICHAEL ROZEA, ESQ. |
| ANDREA E. CELLI-TRUSTEE<br>*Standing Chapter 13 Trustee*<br>7 Southwoods Boulevard<br>Albany, NY 12211 | BONNIE BAKER, ESQ. |

1

## DECISION AND ORDER GRANTING IN REM RELIEF FROM STAY

1. Anna Theresa Balash ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (Docket No. 1) *pro se* on September 11, 2025.

2. On November 20, 2025, Selene Finance LP as Servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for RCF 2 Acquisition Trust ("Selene") filed a Motion for Relief from Stay regarding property located at 615 State Street, Hudson, NY 12534 ("Property"). (Docket No. 51). Selene asks this Court to lift the automatic stay[1] under § 362(d)(1) and grant prospective relief from stay under § 105(a), to allow it to proceed with its state court remedies against the Property.

3. Debtor filed opposition to Selene's motion on December 11, 2025. (Docket No. 58).

4. The Court held a hearing to consider the motion on December 18, 2025.

5. Debtor appeared *pro se*, Bonnie Baker, Esq. appeared on behalf of the Chapter 13 Trustee, and Michael Rozea, Esq. appeared on behalf of Selene.

---

[1] The Court notes that although the automatic stay expired by operation of law on October 14, 2025, there exists "a split of authority regarding the scope of the stay termination under § 362(c)(3)(A)." *In re Morgan*, No. 25-30792, 2025 WL 1742435, at *3 (Bankr. N.D. Ohio June 23, 2025). While this Court has not decided the issue, "the majority of courts interpret the provision to mean that the automatic stay terminates only with respect to the debtor and the debtor's property, while the automatic stay remains in effect as to property of the estate." *Id.* Other courts have held that the automatic stay ends in its entirety, including against property of the estate. *Id.; see also In re Bender*, 562 B.R. 578, 583 (Bankr. E.D.N.Y. 2016) (discussing the majority view that stay remains as to property of the estate and the minority view that stay terminates as to debtor and property of the estate--but taking a different, unique approach and terminating the stay only if the property was the subject of a judicial, administrative, or other formal proceeding commenced prepetition). This Court has not been asked to, and will not, decide the precise scope of the stay, if any, that remains in effect in this case. Because of this, Selene's Motion for Relief from Stay is not moot. (Decision & Order, Docket No. 59).

6. For the reasons outlined below, Selene's Motion for Relief from Stay is granted.

## Motion for Relief for Cause

7. Section 362(d)(1) of the Bankruptcy Code states that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]"

8. "Cause is not defined in [§ 362(d)(1)], but includes non-payment of a debt or a lack of adequate protection." *In re Caires*, 611 B.R. 1, 6 (Bankr. D. Conn. 2020), *aff'd*, 624 B.R. 322 (D. Conn. 2021); *see also In re Elmira Litho, Inc.*, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994).

9. A Judgment of Foreclosure and Sale was entered on January 23, 2018, and a Referee's Deed conveyed the Property to Selene on December 5, 2023. (Docket No 51 ¶ 1 & Exs. A & B). The deed was recorded in Columbia County on December 14, 2023. *Id.* As the Referee's Deed transferred the Property to Selene prior to Debtor filing this case, the Property never became property of this bankruptcy estate. *In re Cook*, 481 B.R. 265, 267 (Bankr. N.D.N.Y. 2012), *aff'd sub nom. Cook v. Huey*, 506 B.R. 174 (N.D.N.Y. 2013) (holding that property sold at a prepetition foreclosure sale does not become property of the estate and is not under the protection of the automatic stay); *see also In re Cerrato*, 504 B.R. 23, 30 (Bankr. E.D.N.Y. 2014) ("[T]he foreclosed property

3

sold at a public sale is no longer property of the estate for purposes of Section 541."); *In re Cretella*, 42 B.R. 526, 530 (Bankr. E.D.N.Y. 1984) ("[U]nder New York law, the purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property. . . . Absent an interest in the property, it cannot be regarded as property of his estate within the meaning of 11 U.S.C. § 541 [which defines property of the estate].").

10. After the entry of the Judgment of Foreclosure and Sale, Selene commenced a holdover proceeding to recover possession of the Property. (Docket No. 51 ¶ 3 & Ex. D). Debtor is named as a defendant in the eviction proceeding. *Id.*

11. This bankruptcy filing has stayed the eviction proceeding.[2] *In re Fogarty*, 39 F.4th 62, 73 (2d Cir. 2022) ("[S]o long as the debtor is a named party in a proceeding or action, the automatic stay applies to the continuation of that proceeding, and to the enforcement of, a judgment rendered in that proceeding.").

12. However, "[a] bare possessory interest on the petition date without a colorable legal or equitable claim is not enough to sustain the protections of the automatic stay." *In re Butko*, 617 B.R. 532, 536 (Bankr. W.D. Pa. 2020) (internal quotations omitted), *aff'd sub nom. Butko v. Ciccozzi*, No. 2:21-CV-150-NR, 2021 WL 1608481 (W.D. Pa. Apr. 26, 2021).

---

[2] At the hearing held on December 18, 2025, Debtor told the Court that her friend is currently living in the Property.

13. "Prepetition loss of an ownership interest in property constitutes cause for relief from stay. Where the debtor (or the estate) no longer has a right to the property, there is no reason not to allow the creditor to repossess because filing a bankruptcy petition after loss of ownership cannot reinstate the debtor's title." *In re Nyamekye*, No. BAP CC-10-1218-KIPAD, 2011 WL 3300335, at *5 (B.A.P. 9th Cir. Feb. 15, 2011)(internal quotation and citation omitted).

14. Selene has established cause to lift the stay under § 362(d)(1).

**Motion for Relief from Stay—In rem**

15. Selene also asks the Court to use its equitable powers under § 105(a) to grant it prospective *in rem* relief under § 362(d)(4).

16. Section 362(d)(4) allows the Court to grant relief from stay "with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--

    (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

    (B) multiple bankruptcy filings affecting such real property.

17. However, § 362(d)(4), by its terms, applies only to "a creditor whose claim is secured by an interest in such real property." In this case, Selene is not a creditor. Rather, as noted above, it is the owner of the Property.

18. However, § 362(d)(4) "was specifically enacted to reduce abusive filings that involved multiple bankruptcy filings affecting real property." *In re Jackson*, 672 B.R. 693, 711 (Bankr. E.D. Mich. 2025)(cleaned up). And "Congress gave no indication in enacting § 362(d)(4) that it intended to prevent bankruptcy courts from employing 11 U.S.C. § 105(a) (which authorizes the court to 'issue any order ... that is necessary or appropriate to carry out the provisions of this title') to enter orders, when necessary or appropriate, to prevent the harm arising from abusive filings. If anything, the 2005 amendments evidence a congressional intent that the courts crack down on abusive filings by debtors." *In re McCray*, 342 B.R. 668, 670 (Bankr. D.D.C. 2006).

19. This is Debtor's third bankruptcy filing since the commencement of Selene's foreclosure action in 2012. She previously filed a Chapter 11 case jointly with her husband on February 7, 2018 in the Eastern District of New York. (Case Nos. 18-40728). That case was dismissed on September 8, 2020.

20. Debtor's second bankruptcy filing was filed on August 27, 2024 in the Northern District of New York and dismissed on February 5, 2025. (Case No. 24-10968).

21. This is the Debtor's third bankruptcy filing and her second filing within one-year.

22. In this bankruptcy case, Debtor commenced an adversary proceeding against Selene, in which she seeks to invalidate Selene's mortgage lien—despite the fact that a Judgment of Foreclosure and Sale was entered more than 7 years ago. (AP No. 25-90026-1-pgr, Docket No. 1).

6

23. She has also commenced two separate federal court actions seeking to invalidate the 2018 Judgment of Foreclosure and Sale. (Docket No. 51 ¶ 2)

24. In *Jackson*, the court held that where bankruptcy cases are filed "to thwart an eviction action commenced after a lawfully completed foreclosure action … section 362(d)(4), when supplemented by the Court's equitable powers in section 105(a), allows it to grant *in rem* relief to an owner of real property such as Movant." *In re Jackson*, 672 B.R. 693, 714–15 (Bankr. E.D. Mich. 2025); *see also In re Ward*, 423 B.R. 22, 33 (Bankr. E.D.N.Y. 2010)(granting prospective relief from stay under § 105(a) where Debtor's interest in the Property was merely possessory and insufficient to warrant the protection of the automatic stay in a future bankruptcy filing); *In re Corriette*, No. 22-70202-AST, 2022 WL 1038165, at *4 (Bankr. E.D.N.Y. Apr. 5, 2022) (granting *in rem* stay relief where debtor was "a holdover tenant or squatter with no enforceable interest in the Freeport Property; and therefore, the Freeport Property is not available to 'reorganize' under a potential chapter 13 plan."); *but see In re Chalek*, 667 B.R. 76, 82 (Bankr. S.D.N.Y. 2025) ("The Court does not believe it has the power to use section 105(a) to grant in rem relief to a landlord when Congress chose to make this relief available only to secured creditors.)."

25. Where, as here, the Debtor is a serial filer in both bankruptcy and district court, who has not been the owner of this Property for several years, and is only a nominal defendant in the eviction proceeding, prospective, *in rem* relief from stay is warranted.

26. Debtor, in her opposition, argues that Selene's failure to file a proof of claim is fatal to its Motion for Relief.  (Docket Nos. 58).

27. However, "[u]nder Rule 3002(a), a secured creditor must file a proof of claim if it wishes to have its claim allowed and thus participate in payments under a chapter 13 plan. But a creditor that does not wish to submit to this court's jurisdiction or to participate in plan payments is not required to file a proof of claim." *In re Weyer*, 612 B.R. 192, 196 (Bankr. W.D. Wis. 2020) (citing *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015)).

28. Although Debtor also argues that Selene does not have standing to bring this motion, the Referee's Deed attached as an exhibit to its motion provides proof of standing. *In re Escobar*, 457 B.R. 229, 241 (Bankr. E.D.N.Y. 2011) ("[T]he level of proof necessary to commence a foreclosure action under New York law, as stated in *Silverberg*, is the appropriate level of proof necessary to confer standing to seek stay relief. Thus, in cases such as these, where the movant claims rights as a secured creditor by virtue of an assignment of rights to a promissory note secured by a lien against real property, it must provide satisfactory proof of its status as the owner or holder of the note at issue.").

29. To the extent Debtor challenges the validity of the underlying foreclosure sale, such issues are not properly before this Court on the present motion.

30. "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant

argues that the state court judgment is void." *In re Buckskin Realty Inc.*, No. 1-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016).

For the reasons stated above, Selene's Motion for Relief from Stay is **GRANTED**. The Clerk of Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED**, that pursuant to Bankruptcy Code section 105(a) in conjunction with § 362(d)(4), a bankruptcy case commenced by Debtor, Anna Theresa Balash *aka* Anna T. Balash *aka* Anna T Balash *aka* Anna Balash *aka* Anna T. Balash-Ioannidou ("Debtor") or any of her successors or assigns, shall not stay the Movant's enforcement of its rights and remedies (including eviction) of the Property for a period of one (1) year after entry of this Order, except that Debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that Movant's requested waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3), is granted.

###